IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY SPENCER**<br>927 Monroe Street<br>Steelton, PA 17113 | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| **NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)** | : | <u>JURY TRIAL DEMANDED</u> |
| Defendant | : | NO. |

## COMPLAINT

1. The plaintiff herein is Tracy Spencer, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 927 Monroe Street, Steelton, Pennsylvania 17113.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

1

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a mechanical foreman.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of her aforesaid injuries; has been unable to attend to her usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to her great detriment and loss.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about Monday, October 14, 2024 at approximately 7:30 a.m., plaintiff was located at the defendant's Lancaster Station in Lancaster, Pennsylvania in order inspect trains, flag the trains and walk the platform.

12. On the date of the incident, Platform Number 1 had been taken out of service for renovations and therefore, both the client and passengers were let off at Platform Number 2 which, upon information and belief, had been previously condemned by the Commonwealth of Pennsylvania because it was in a dangerous and dilapidated condition.

13. While the plaintiff was in the process of walking across Platform Number 2, her right foot went into a broken portion of the concrete platform causing her to fall on to the platform and thereby sustaining the severe and permanent injuries described below.

14. On the day following the incident, the defendant's Building and Bridges department filled in the defective portions of the platform including the area where the plaintiff was caused to fall and also placed barriers around the defective portion of the platform where the plaintiff fell.

15. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including but not limited to, permitting the plaintiff and passengers to disembark the train on Platform Number 2 which had been previously condemned due to its defective and dilapidated condition; failing to properly inspect, maintain and repair the subject concrete platform surface; failing to provide the plaintiff with a reasonably safe workplace as required by the Federal Employers' Liability Act; failing to block off or barricade the unsafe and defective portion of the platform where the incident occurred; and failing to properly warn the plaintiff of the dangerous condition of the platform as well as the defendant's violation of federal regulations and/or statutes

requiring safe passenger platforms; the plaintiff sustained the serious, painful and permanent injuries more particularly hereinafter set forth.

16. The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees and by the defendant's violation of the Federal Employers' Liability Act and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

17. As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to her right hip and lumbar spine including, but not limited to, disc protrusion and herniation at the level of L3-L4 with nerve root impingement, lumbar radiculopathy, injury to the right shoulder, exacerbation of chronic pain to both hips, and exacerbation of degenerative disc disease of the lumbar spine; all of which has required multiple injections to the hip and lumbar spine and may require surgery. Some or all of the plaintiff's injuries may be permanent in nature and the full extent of the plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($50,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

Dated: July 15, 2025      BY: _____
MICHAEL J. OLLEY, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Fax: 610-667-3352
Attorney for Plaintiff Tracy Spencer